Strafford,  }
May 1, 1906. }

### DILLON *v.* BURKE.

Where land abutting on a stream is appropriated for reservoir purposes, a subsequent grantee of a tract bounded by the reservoir takes to the line of the lot on which the reservoir is constructed.

WRIT OF ENTRY. Trial by the court and verdict for the defendant. Transferred from the September term, 1905, of the superior court by *Chamberlin*, J.

In 1872, Hale and Wentworth owned lots of land situated on Court street in Dover and separated by a small brook. In that year the city took the brook and the land on both sides of it, to provide water for the use of the fire department and land on which to store the water. The land so taken was fifty feet wide and of the depth of the Hale and Wentworth lots. Of this land, a strip thirty feet wide on the street and two and a half feet wide on the back was taken from the southerly end of the Wentworth lot, and the remainder was taken from the northerly end of the Hale lot. Upon the land so taken the city built a reservoir which covered all but twenty feet of the back end, and separated it from the adjoining land by an iron fence.

In 1875, Wentworth conveyed to the defendant's grantor land bounded "on the south by the city reservoir." The city abandoned the reservoir in 1895, and the defendant took possession of so much of the land on which it stood as was originally a part of the Wentworth lot, claiming it under the deed of 1875. In 1904, Wentworth conveyed this land—the demanded premises—to the plaintiff. The court ruled that the demanded premises passed under the deed of 1875, and the plaintiff excepted.

*Robert Doe* and *William F. Nason*, for the plaintiff.

*Arthur G. Whittemore, John Kivel,* and *George T. Hughes,* for the defendant.

YOUNG, J.   A stone reservoir fifty feet wide, used to store water for extinguishing fires and separated from the adjoining land by an iron fence, possesses none of the characteristics of a brook and is subject to none of the uses that attach to a brook which divides the land of adjoining owners.   There was no evidence that Wentworth or his grantee ever used the land not covered by the reservoir in connection with the rest of the lot, or that it was capable of being put to any beneficial use which could not be enjoyed as completely by one who was not, as by one who was the owner of the Wentworth lot, or that the right to control the demanded premises was in any way essential to the full and complete enjoyment of the Wentworth lot.   There has been no practical construction of the Wentworth deed; and the reasons which have been assigned for holding that it was more probable than otherwise the parties intended that the boundary line in a conveyance in which the granted premises are bounded by a highway or a stream should be the center thereof, have no application to the facts of this case. The presumption which ordinarily obtains in the construction of a deed bounding the granted premises by the land of another must prevail, and the Wentworth deed be construed as though it read: bounded on the south by the northerly line of the lot on which the city reservoir stands.   Such a construction gives to the language used its ordinary meaning.

*Exception sustained.*

, All concurred.